IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **MARK ALBRECHT, et al.**, : | |
| : | Case No. 1:06cv274 |
| Plaintiffs, : | |
| : | DISTRICT JUDGE SUSAN J. DLOTT |
| v. : | |
| : | CERTIFICATION ORDER |
| **BRIAN TREON, M.D., et al.**, : | |
| : | |
| Defendants : | |
| : | |

Pursuant to Ohio Supreme Court Rule of Practice XVIII, the Court hereby issues this certification order to be served upon all parties or their counsel of record and filed with the Ohio Supreme Court.

**A.    CASE NAME**

*Mark Albrecht, et al. v. Brian Treon, M.D., et al.*, U.S. District Court, Southern District of Ohio, Case No. 1:06cv274.

**B.    STATEMENT OF THE CASE**

**1.    FACTS**

This lawsuit is a putative class action against all county coroners and/or medical examiners in the State of Ohio that have removed, retained, and disposed of body parts without prior notice to next of kin, and the County Commissions and Commissioners of those counties. Eighty-seven counties (all Ohio counties except Hamilton) are implicated in the suit. Plaintiffs Mark and Diane Albrecht brought this lawsuit against the coroner of Clermont County, Ohio, as well as the Board of County Commissioners, after discovering from their son's autopsy report

1

that the coroner's office, or others on its behalf, had removed their son's brain for forensic examination and retained it after the autopsy. The coroner's office did not notify the Albrechts that their son's brain had been retained. The Albrechts thus buried their son without his brain and without any notice from the coroner of that fact. They allege they have suffered legal damages as a result.

## 2. CIRCUMSTANCES GIVING RISE TO THE QUESTION OF LAW

Plaintiffs allege that they were denied due process of law when the county "took" parts of their son's body. Before this Court can determine whether Plaintiffs were entitled to due process, it must ascertain whether Ohio law affords them a protected right to their son's body parts that were removed and retained by the coroner for forensic testing. *Howard v. Grinage*, 82 F.3d 1343, 1350 (6th Cir. 1996) (explaining that "the existence of a 'protected' right must be the threshold determination" in resolving due process claims).

That Ohio law affords next of kin a protected right in the "body" of the decedent is beyond dispute.[1] However, this does not automatically confer to the next of kin a protected right in "body parts" of a decedent removed and retained by the coroner for forensic examination and testing. This is highlighted by the recent enactment of Ohio Rev. Code § 313.123(B), which provides that "retained tissues, organs, blood, other bodily fluids, gases, or any other specimens

---

[1] *See Carney*, 33 Ohio App. 3d at 37, 514 N.E.2d 430 (acknowledging a cause of action for mishandling of a dead body as a subspecies of the tort of infliction of emotional distress); *Everman*, 54 Ohio App. 3d at 122, 561 N.E.2d 547 (stating that "[t]here is no issue in this case of the possessory right of a spouse or other appropriate member of the family of a deceased for the purposes of preparation, mourning and burial"); *Biro v. Hartman Funeral Home*, 107 Ohio App. 3d 508, 512, 669 N.E.2d 65 (1995) (finding that the next of kin of the decedent had legal standing to maintain an action in tort for desecration of his father's remains); Ohio Rev. Code § 313.14 ("The next of kin, other relatives, or friends of the deceased person, in the order named, shall have prior right as to disposition of the body of such deceased person.").

from an autopsy are medical waste and shall be disposed of in accordance with applicable federal and state laws." The only exception, stated in § 313.123(B)(2), is when "the coroner has reason to believe that the autopsy is contrary to the deceased person's religious beliefs," in which case "if the coroner removes any specimens from the body of the deceased person, the coroner shall return the specimens, as soon as is practicable, to the person who has the right to the disposition of the body."

Arguably, if the Ohio legislature recognized a protected right in a decedent's tissues and organs removed and retained by the coroner for forensic examination, the statute would not confine return of the specimens to a religious decedent's next of kin. Thus, it appears that the recent enactment of Ohio Rev. Code § 313.123 may limit the rights of persons in the intact remains of their loved ones. In short, this Court cannot discern whether Plaintiffs can pursue their § 1983 claim concerning the coroner's removal and retention of their son's brain for forensic purposes until it knows whether Ohio law provides the next of kin with a right to the decedent's tissues, organs, blood or other specimens removed and retained by the coroner for forensic examination and testing.

### 3. THE QUESTION OF LAW TO BE ANSWERED

The question of law to be answered by the Ohio Supreme Court is as follows:

> Whether the next of kin of a decedent, upon whom an autopsy has been performed, have a protected right under Ohio law in the decedent's tissues, organs, blood or other body parts that have been removed and retained by the coroner for forensic examination and testing.

**C.     NAMES OF THE PARTIES**

Plaintiffs:    Mark Albrecht and Diane Albrecht, *and on behalf of others similarly situated.*

Defendants:[2]   Brian Treon, M.D., Coroner of Clermont County, Ohio, *individually and in his official capacity and on behalf of others similarly situated.*

Board of County Commissioners of Clermont County, Ohio *for itself and on behalf of others similarly situated*

Mary Walker, *in her capacity as commissioner of Clermont County, Ohio, and on behalf of others similarly situated.*

Bob Proud, *in his capacity as commissioner of Clermont County, Ohio, and on behalf of others similarly situated.*

Scott Croswell, *in his capacity as commissioner of Clermont County, Ohio, and on behalf of others similarly situated.*

**D.     COUNSEL FOR EACH PARTY**

Plaintiffs' Counsel:

John Henry Metz
4400 Carew Tower
441 Vine Street
Cincinnati, OH 45202-3016
513-241-8844
Email: metzlegal@aol.com

Patrick J Perotti
Dworken & Bernstein Co LPA
60 South Park Place
Painesville, OH 44077
440-352-3391
Fax: 440-352-3469
Email: pperotti@dworkenlaw.com

---

[2] Plaintiffs seek to certify a defendant class of "all county coroners and/or medical examiners in the State of Ohio which have removed, retained, and disposed of body parts without prior notice to next of kin, and the County Commissions and Commissioners of those counties." However, this Court has not yet ruled on Plaintiffs' motion for class certification. Accordingly, the only named Defendants in the lawsuit are the Clermont County Coroner, Commission, and Commissioners. Every other Ohio county implicated by the lawsuit has retained counsel and has made an appearance in the District Court litigation as an interested party.

4

Defendants' Counsel:

Helen E. Mason  
Clermont County Prosecutor's Office  
101 E Main Street  
Batavia, OH 45103  
513-732-7585  
Email: emason@co.clermont.oh.us

George Demetrios Jonson  
Montgomery, Rennie & Johnson  
36 East Seventh Street  
Suite 2100  
Cincinnati, OH 45202  
513-241-4722  
Email: gjonson@mrj.cc

Thomas Lee Blust  
Office Of The Prosecuting Attorney  
101 East Main Street  
Batavia, OH 45103  
513/732-7899  
Email: kshelton@co.clermont.oh.us

**E.     DESIGNATION OF THE MOVING PARTY**

Defendants are the moving party.

RESPECTFULLY SUBMITTED.

　　　　　　　　　　　　　　　　　　　　　s/Susan J. Dlott　　　　　　　  
　　　　　　　　　　　　　　　　　　　　Susan J. Dlott  
　　　　　　　　　　　　　　　　　　　　United States District Judge

5