IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK ALBRECHT, et al., | : | |
| | : | Case No. 1:06cv274 |
| Plaintiffs, | : | |
| | : | CHIEF JUDGE SUSAN J. DLOTT |
| v. | : | |
| | : | **ORDER LIFTING STAY, DENYING** |
| BRIAN TREON, M.D., et al., | : | **MOTION FOR ORAL ARGUMENT,** |
| | : | **AND GRANTING MOTIONS FOR** |
| Defendants | : | **JUDGMENT ON THE PLEADINGS** |
| | : | |

Before the Court is the Motion for Judgment on the Pleadings of Defendants Clermont County Coroner and the Board of Commissioners of Clermont County (doc. 93) and the like motion of interested party Lucas County Coroner (doc. 95). Plaintiffs opposed the motions (doc. 100), and the Clermont County Defendants and other interested party county coroners filed replies in support of Defendants' motion (docs. 104-106). Plaintiffs filed a Request for Oral Argument on Defendants' motions (doc. 107). For the reasons that follow, Plaintiffs' Request for Oral Argument is **DENIED** and Defendants' Motions for Judgment on the Pleadings are **GRANTED**.

I. BACKGROUND

The captioned case is again before this Court having returned from a circuitous course. Plaintiffs filed the lawsuit in this District Court on May 8, 2006, claiming that they were denied due process of law when the county coroner removed and destroyed their son's brain after an autopsy without giving them notice and an opportunity to retrieve the brain for burial. Plaintiffs additionally asserted pendent state common-law tort claims against the Defendants.

1

The Due Process Clause of the United States Constitution prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. "Although the underlying substantive interest is created by 'an independent source such as state law,' federal constitutional law determines whether that interest rises to the level of a 'legitimate claim of entitlement' protected by the Due Process Clause." *Memphis Light, Gas and Water Div. v. Craft*, 436 U.S. 1, 9 (1978) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). In other words, "[r]esolution of the federal issue begins . . . with a determination of what it is that state law provides." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 757 (2005).

In March 2007, this Court determined that it was unclear whether Ohio law created for the next of kin of a decedent upon whom an autopsy had been performed an interest in the decedent's tissues and organs removed and retained by the coroner for forensic examination and testing. (Doc. 87 at 7.) The Court stayed the case in the District Court and certified the following question of state law for review to the Supreme Court of Ohio:

> Whether the next of kin of a decedent, upon whom an autopsy has been performed, have a protected right under Ohio law in the decedent's tissues, organs, blood or other body parts that have been removed and retained by the coroner for forensic examination and testing.

(Doc. 89.)

Plaintiffs then filed with the Sixth Circuit Court of Appeals a petition for writ of mandamus. In that petition, Plaintiffs argued that the certified question had already been decided in *Brotherton v. Cleveland*, 923 F.2d 477 (6th Cir. 1991). They sought a writ of mandamus directing this Court to withdraw the certification or a writ of prohibition directing this Court not

2

to consider any answer that the Ohio court might offer. The Court of Appeals denied Plaintiff's petition, noting that "the plaintiffs invoke a holding in a decision issued in another case on a distinguishable set of facts. Since *Brotherton* was decided, changes in Ohio law suggest another reading may be possible." *In re Albrecht*, No. 07-3419, slip op. at 3 (6th Cir. May 2, 2007).

The matter then proceeded to the Supreme Court of Ohio, and that court agreed to answer the certified question. Following oral argument by the parties, the Supreme Court of Ohio answered the certified question in the negative, holding as follows:

> The next of kin of a decedent upon whom an autopsy has been performed do not have a protected right under Ohio law in the decedent's tissues, organs, blood, or other body parts that have been removed and retained by the coroner for forensic examination and testing.

*Albrecht v. Treon*, 118 Ohio St. 3d 348, 889 N.E.2d 120, syllabus (2008). In its decision, the court first noted that Plaintiffs had argued in the mandamus action that the question already had been decided in *Brotherton*. In response to this argument, the Ohio court explained that *Brotherton* involved Ohio Revised Code Chapter 2180, the Anatomical Gift Act, as it related to the removal of corneas from autopsy subjects for use by eye banks. "Thus, *Brotherton*'s specific holding regarding removal of corneas for purposes unrelated to the autopsy is not relevant in this case." *Id*. at 352. Further, the court explained that the two cases relied upon in *Brotherton*, *Carney v. Knollwood Cemetery Assn.*, 33 Ohio App. 3d 31, 514 N.E.2d 430 (1986) (concerning the unauthorized disturbance of a body) and *Everman v. Davis*, 54 Ohio App. 3d 119, 561 N.E.2d 547 (1989) (concerning the right to bury a decedent), also were not relevant to the issue under consideration. The court also discussed *Hainey v. Parrott*, a factually similar case in which the district court concluded that the plaintiffs had a "cognizable constitutional property

3

interest in their decedent's body parts which the coroner's office violated when it disposed of their decedent's brains without prior notice." No. 1:02-CV-733, 2005 WL 2397704, at *6 (S.D. Ohio Sept. 28, 2005). The Ohio court stated that the federal district court's expansion of the holding of *Brotherton* "to apply to situations in which the coroner removed and retained organs for additional forensic examination and testing, a procedure that the coroner is clearly authorized by statute to do," was unsupported by Ohio law. *Albrecht*, 118 Ohio St. 3d at 355.

Having determined that *Brotherton* did not answer the certified question, the Supreme Court of Ohio turned to the Ohio statutes. The court first observed that after the federal district court's decision in *Hainey*, the Ohio legislature enacted Ohio Revised Code § 313.123, effective August 2006, which expressly governs autopsy specimens, classifying them as medical waste and authorizing the coroner to dispose of them as such. However, the court noted that "[e]ven before R.C. 313.123 was enacted, a deceased's next of kin had no protected right in the autopsy specimens pursuant to Ohio statutes." *Albrecht*, 118 Ohio St. 3d at 355.

Referring to Ohio Revised Code § 313.131(B), which authorizes coroners to perform an autopsy when the coroner believes an autopsy is necessary, the court noted that "[a] coroner's forensic examination is a classic function of the police power of the state." The court then explained the balance that exists between the rights of a decedent's next of kin and the power of the state. Ohio Revised Code § 313.14 gives the next of kin the right to disposition of the body of the deceased person. "However, pursuant to R.C. 313.15, '[a]ll dead bodies in the custody of the coroner shall be held until such time as the coroner, after consultation with [state officials], has decided that it is no longer necessary to hold such body to enable him to decide on a diagnosis giving reasonable and true cause of death, or to decide that such body is no longer

4

necessary to assist any of such officials in his duties.'" In addition, the coroner has no obligation to obtain consent from the next of kin of a decedent to perform an autopsy, and the coroner's right to perform an autopsy is paramount to the ability of the decedent or next of kin to make a gift of a body part. *Albrecht*, 118 Ohio St. 3d at 356-57 (citing Ohio Rev. Code §§ 2108.52 and 313.13(A)). Guided by these statutes, the court determined that "while R.C. 313.14 gives next of kin a right to disposition of the body, that right does not arise until *after* the coroner has performed his duties and does not include forensic specimens that were retained by a coroner for forensic examination and testing." *Id.* at 357.

Following its examination of the Ohio statutes, the court went on to note that while it had not previously addressed the issue, several lower Ohio courts, in cases decided prior to *Brotherton*, held that "[a] dead body is not property." *Id.* (citing *Hadsell v. Hadsell*, 7 Ohio C.C. 196, 1893 WL 942, at *3 (Allen Cir. Ct. 1893); *Hayhurst v. Hayhurst*, 4 Ohio Law Abs. 375, 1926 WL 2487 (Hamilton C.P. 1926)). The court then reached the following conclusion:

> [N]othing in the United States Constitution, the Ohio Constitution, Ohio statutes, or common law establish a protected right in autopsy specimens in Ohio. R.C. 313.14 simply clarifies whom the coroner should contact to make funeral arrangements. The interest that Ohio statutes at issue here give the next of kin in an autopsied decedent's body is to inter or cremate the body after the autopsy has been performed. Our decision today addresses only autopsy specimens and not body parts or fluids that the coroner or the examining individual does not consider necessary to be examined, tested, or retained in the autopsy.

*Id*. at 358. The case is once again before this Court for resolution. Defendants argue that the Supreme Court of Ohio's answer to the certified question defeats Plaintiffs' federal claims as a matter of law.

## II. LEGAL STANDARD

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## III. ANALYSIS

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendants had violated their constitutional rights as established by the Sixth Circuit in *Brotherton v. Cleveland*, 923 F.2d 477 (6th Cir. 1991), in which, according to Plaintiffs, the court "held that family members <u>do</u> have a <u>property</u> interest in the body of their dead loved one which is protected by the Constitution and is enforceable pursuant to 28 U.S.C. Section 1983." (Doc. 1 ¶ 45.)

*Brotherton* concerned a coroner's removal of a deceased man's corneas for use as anatomical gifts without the widow's or her children's consent. The case involved Ohio's Anatomical Gift Act, specifically, Revised Code § 2108.60(B), which permits a coroner to remove the corneas of autopsy subjects without obtaining the consent of a family member, provided that the coroner has no knowledge of an objection by the decedent or the next of kin. The widow had voiced objection at the hospital when asked if she wanted to donate her husband's corneas. However, the hospital did not communicate the wishes of the widow to the

coroner, and the coroner's office did not inquire as to whether there was any objection. *Brotherton*, 923 F.2d at 478.

To the contrary, this case involves the coroner's retention and disposal of an autopsy specimen. Plaintiffs do not dispute that the coroner appropriately performed the autopsy, and they do not allege that the coroner mishandled or in any way abused the body. Thus, this case is factually distinct from *Brotherton* and does not implicate the statute on which the *Brotherton* court relied to reach its holding that the "aggregate of rights granted by the state of Ohio to Deborah Brotherton rises to the level of a 'legitimate claim of entitlement' in Steven Brotherton's body, including his corneas, protected by the due process clause of the fourteenth amendment." *Id*. at 482. The Sixth Circuit also recognized that *Brotherton* is distinguishable from the instant case. *In re Albrecht*, No. 07-3419, slip op. at 3 (6th Cir. May 2, 2007).

Because resolution of Plaintiffs' claim depends on what Ohio law provides with respect to a next of kin's rights in autopsy specimens, and there was no binding law on point, this Court certified the question of state law to Ohio's high court. That court answered the question in the negative. "Principles of comity require federal courts to defer to a state's judgment on issues of state law." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). Because Ohio law does not give the next of kin of a decedent upon whom an autopsy has been performed a protected right in the decedent's tissues, organs, blood or other body parts that have been removed and retained by the coroner for forensic examination and testing, Plaintiffs' action brought pursuant to 42 U.S.C. § 1983 fails as a matter of law.

Plaintiffs seek to avoid this result by arguing that the Supreme Court of Ohio's holding does not apply to this case because the decision in *Albrecht* cannot "overrule" the Sixth Circuit's

7

decision in *Brotherton*. According to Plaintiffs, *Brotherton* "held that the next-of-kin did have a protected interest under state law to the post-autopsy disposition of body parts of their loved ones." (Doc. 100 at 4 (citing *Brotherton*, 923 F.2d at 481-82). They assert that this holding was the law of the circuit at the time their son's autopsy was performed, and that any decision by the Supreme Court of Ohio cannot work retroactively to take away the rights that *Brotherton* established.

Contrary to Plaintiff's assertion, *Brotherton* did *not* hold that next of kin have a protected interest under state law to the post-autopsy disposition of body parts. *Brotherton* held, on distinguishable facts, that "the aggregate of rights granted by the state of Ohio to Deborah Brotherton rises to the level of a 'legitimate claim of entitlement' in Steven Brotherton's body, including his corneas." 923 F.2d at 482. The question of whether Ohio law gives next of kin a right in a decedent's tissues, organs, blood, or other body parts that have been removed and retained by the coroner for forensic testing had not been considered by the Sixth Circuit or by any Ohio state court prior to the *Albrecht* decision.[1] *Brotherton* did not establish any rights for

---

[1] The United States District Court for the Southern District of Ohio did consider this issue in *Hainey v. Parrott*, No. 1:02-CV-733, 2005 WL 2397704 (S.D. Ohio Sept. 28, 2005). The court acknowledged that the "potentially dispositive threshold issue [was] whether Plaintiffs [had] any constitutionally cognizable interest in the remains of their decedents." *Id*. at *3.

The *Hainey* court found that *Brotherton* was the primary case on point and examined "whether *Brotherton* [was] distinguishable from the facts of this case in any meaningful way." *Id*. at *5. The court noted that the coroner's decision to retain the decedent's brain was forensically or scientifically necessary, whereas the coroner's harvesting of Brotherton's corneas "amounted to state-sanctioned grave robbing." *Id*. Nonetheless, the *Hainey* court concluded that "these differences in facts likely do not take this case outside the broad holding in *Brotherton* that there is a substantial and protectable constitutional interest in the dead body of a relative or loved one." *Id*.

When presented with the identical question, this Court suspected that the fact differences likely *would* take the case outside the broad holding in *Brotherton*. Thus, the Court certified the question to the Supreme Court of Ohio for a determination of what Ohio law provided.

next of kin with respect to body parts that have been removed and retained by the coroner for forensic examination and testing and thus did not establish the law applicable to the circumstances presented in this case. Further, *Albrecht* did not contradict *Brotherton* or create new law. Rather, the Supreme Court of Ohio illuminated the fact that both before and after *Brotherton*, Ohio law did not grant the entitlement that Plaintiffs claim. Thus, the Court need not undertake an analysis of whether the decision from the Ohio court is entitled to retroactive effect.

Finally, Defendants ask this Court to refuse to exercise its supplemental jurisdiction over the residual state law claims. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." "Generally, 'if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.'" *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). In this case, neither judicial economy nor fairness weigh in favor of this Court retaining jurisdiction over Plaintiffs' remaining state law tort claims.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motions for Judgment on the Pleadings (docs. 93 and 95) are **GRANTED**. The Supreme Court of Ohio decided in *Albrecht v. Treon* that next of kin did not have any constitutionally cognizable interest in the autopsy specimens of the decedent that were removed and retained by the coroner for forensic examination and testing. Defendants therefore are entitled to judgment on Plaintiffs' federal law claims. The Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Oral

argument is not essential to the resolution of these issues, and Plaintiffs' Request for Oral Argument (doc. 107) is **DENIED**.

**IT IS SO ORDERED.**

                                                ___s/Susan J. Dlott_____
                                                Chief Judge Susan J. Dlott
                                                United States District Court